UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **FLINT COOPER, JR.,**  ) | |
| ) | |
| **Plaintiff,**  ) | |
| ) | |
| v.  ) | **CAUSE NO. 1:06-cv-353** |
| ) | |
| **PEPSI COLA GENERAL BOTTLERS, et al.,**  ) | |
| ) | |
| **Defendants.**  ) | |

**OPINION**

This matter is before the Court on Defendants' motion to dismiss the Plaintiff's Complaint. (Docket # 16.) On May 18, 2007, District Judge Allen Sharp referred this matter to the undersigned Magistrate Judge for the issuance of a Report and Recommendation. (Docket # 21.) Having reviewed the parties' briefs, the undersigned Magistrate Judge finds that supplemental briefing is necessary to resolve certain issues the parties did not address.

In short, the Defendants seek to dismiss the Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(5) for "insufficiency of service of process." Specifically, they maintain that when the Plaintiff personally attempted to serve the Defendants, the Plaintiff violated Federal Rule of Civil Procedure 4(c)(2)'s proscription that service "may be effected by any person who is not a party," and therefore, service was insufficient as a matter of law.

Rule 4(c)(2), however, does not necessarily end the Court's inquiry concerning the sufficiency of the Plaintiff's service. More to the point, the question left to be answered is whether the Plaintiff's service was valid under Indiana's Rules of Trial Procedure as made applicable by Federal Rule of Civil Procedure 4(e)(1). *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1092 (noting that Rule 4(e)(1), "which authorizes

service pursuant to the law of the state," would permit service by a party "[i]f state law authorizes service by a party").

Accordingly, if Indiana law is applicable, the Indiana Rules of Trial Procedure do not seem to explicitly preclude a party from serving process, the thrust of the Defendants' current motion. Therefore, because the parties do not discuss how the Indiana Rules of Trial Procedure affect the service of process here, the undersigned Magistrate Judge will order supplemental briefing so that the parties may address whether the Plaintiff's attempt at serving the Defendants is insufficient pursuant to not only the Federal Rules of Civil Procedure, but also the Indiana Rules of Trial Procedure made applicable by Federal Rule of Civil Procedure 4(e)(1).

Accordingly, the Defendant is to file a supplemental brief by June 7, 2007. The Plaintiff is to file a response brief by June 22, 2007, and the Defendant is to reply by June 29, 2007.

SO ORDERED.

Enter for May 24, 2007.

S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge