UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |   | |
|---|---|---|---|
| FLINT COOPER, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | CAUSE NO. 1:06-cv-353 | |
| | ) | | |
| PEPSI-COLA GENERAL BOTTLERS, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendants' Motion to Dismiss (Docket # 16), filed by Pepsi-Cola General Bottlers ("Pepsi"), Matt Foote, Mike Hausch, Jerry Seusibaugh, and Kent Lefever. Specifically, the Defendants seek to dismiss *pro se* Plaintiff Flint Cooper, Jr.'s Complaint (Docket # 1) for "insufficiency of service of process" under Federal Rule of Civil Procedure 12(b)(5). Pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1(d)(1), District Judge Allen Sharp referred the Motion to the undersigned Magistrate Judge for the issuance of a Report and Recommendation. (Docket # 21.)

Having reviewed the record, the undersigned Magistrate Judge recommends that the Defendants' Motion to Dismiss be DENIED. This Report and Recommendation is based on the following facts and principles of law.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Cooper filed his Complaint on October 27, 2006, generally alleging that the Defendants sexually harassed him, discriminated against him, and ultimately terminated him in violation of

42 U.S.C. § 1981. (Compl. 1-3.) The Complaint, however, does not indicate when the alleged harassment and discrimination occurred, nor does it specify the date that Cooper was terminated. Moreover, Cooper does not explicitly mention Title VII of the Civil Rights Act of 1964, although he apparently lodged such a complaint administratively, as he attached to his Complaint a Dismissal and Notice of Rights letter from the Equal Employment Opportunity Commission mailed on September 14, 2006. (Compl. 4.) Cooper submitted only one summons form with his Complaint.

On the same day that Cooper filed his Complaint, he filed a motion for leave to proceed *in forma pauperis*, (Docket # 2), which the Court denied on November 9, 2006, (Docket # 3), also cautioning Cooper that "if he wishes that the clerk sign and seal the summons, he must provide a summons for each named defendant." (Nov. 9, 2006, Order 2.) At that time, the Court sent Cooper five blank summonses, which he must have filled out, as the docket sheet reflects that on November 22, 2006, the clerk issued summonses for all five Defendants. (Docket # 5.)

On March 26, 2007, the clerk issued a Notice (Docket # 6) to Cooper pursuant to Federal Rule of Civil Procedure 4(m), alerting him that the 120 day limitation for service of process had elapsed, that failure to serve process within 120 days is sufficient to warrant dismissal, and that if he took no action by April 10, 2007, the matter would be brought to the Court's attention. (Notice 1.) Subsequently, Cooper personally attempted to serve the five Defendants on March 30, 2007, by leaving a copy of each summons with "Barbara Booth at [the] Pepsi office," who apparently is a receptionist for Pepsi. (Docket # 7-11.)

In their Motion to Dismiss, the Defendants maintain that when Cooper personally delivered the summonses, he violated Federal Rule of Civil Procedure 4(c)(2)'s proscription that

2

service "may be effected by any person who is not a party," and therefore, service was insufficient as a matter of law. The undersigned Magistrate Judge noted, however, that Rule 4(c)(2) does not necessarily end the inquiry and ordered supplemental briefing on the issue of whether Cooper's service was valid under the Indiana Rules of Trial Procedure, as made applicable by Federal Rule of Civil Procedure 4(e)(1).

In their supplemental brief, the Defendants argue that the Indiana Rules of Trial Procedure do not explicitly authorize a party to serve process and that even if Cooper was permitted to serve them, his service on Pepsi and the four individual Defendants was inadequate. Maintaining that Cooper failed to effect service on Pepsi, the Defendants assert that by leaving the summons with the receptionist, Cooper did not serve Pepsi's executive officer, authorized agent, or person in charge of the office. The individual Defendants allege that Cooper failed to effect service on them because he did not send summonses by registered or certified mail, did not deliver the summonses personally or to their residences, and did not serve their agents.

In opposition to the Motion to Dismiss, Cooper asserts that he was instructed by the clerk's office that "anyone could execute a summons." (Resp. 1.) Alternatively, he argues that he was not the "true facilitator of the summons" because the Defendants were served by the receptionist. (Supplemental Resp. 1.) Maintaining that service on Pepsi and the individual Defendants was sufficient, Cooper argues that "the receptionist never made it clear that she was not the executive officer or specially appointed agent who could . . . take the summons" and that "[t]he individual defendant's [sic] had their service at a place of dwelling that they reside at for at least 8-10 h[ou]rs per day." (Supplemental Resp. 2.) Ultimately, Cooper asks the Court to not "throw away" his case on a "technicality" and instead grant him an extension of time to reissue

the summonses. (Resp. 1.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move to dismiss a complaint for "insufficiency of service of process[.]" "When the sufficiency of service is challenged, [the] plaintiff bears the burden of making a prima facie showing that service was properly effected and that personal jurisdiction exists." *Oncology Therapeutics Network Joint Venture, L.P. v. Olympia Fields Internal Med. Assocs., S.C.*, No. 01 C 2079, 2003 WL 21183850, at *2 (N.D. Ill. May 15, 2003) (quoting *Trotter v. Oppenheimer & Co. Inc.*, No. 96 C 1238, 1997 WL 102531, at *2 (N.D. Ill. Mar. 4, 1997)); *see also Knox v. Pendergast*, No. 06-C-61, 2007 WL 1413681, at *2 (E.D. Wis. May 11, 2007); *Pike v. Decatur Mem'l Hosp.*, No. 1:04-CV-0391-JDT-TAB, 2005 WL 2100251, at *1 (S.D. Ind. Aug. 26, 2005).

## III. DISCUSSION

The Defendants argue that Cooper is precluded under the Federal Rules of Civil Procedure and the Indiana Rules of Trial Procedure from personally delivering the summonses and Complaint to them. Moreover, even assuming that Cooper's personal delivery is permissible, the Defendants maintain that by leaving the summonses with the receptionist, his attempt at service on Pepsi and the four individual Defendants is inadequate. Although we conclude that Cooper effected service on Pepsi, we agree with the Defendants that service on the individual Defendants was insufficient. Nevertheless, we will recommend that the Court exercise its discretion and grant Cooper an extension of time to properly serve the individual Defendants.

### A. Service of Process

Federal Rule of Civil Procedure 4 governs service of process and catalogues several

4

methods to properly achieve service. Nevertheless, the Court's inquiry does not end with the Federal Rules, as Rule 4(e)(1) provides that "service . . . may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district court is located . . . ." Accordingly, the Court must also examine the Indiana Rules of Trial Procedure before determining whether Cooper properly effected service.

*1. Cooper's Personal Delivery of the Summonses*

Rule 4(c)(2) imposes an important restriction on service of process: "Service may be effected by any person *who is not a party* . . . ." Fed. R. Civ. P. 4(c)(2) (emphasis added). Thus, when Cooper attempted to effect service by personally delivering the five summonses to Pepsi's receptionist, he ran afoul of Rule 4(c)(2).[1] Nevertheless, service by a party is permissible "[i]f state law authorizes service by a party." *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1092.

In that regard, Indiana Rule of Trial Procedure 4.12(A) provides: "[S]ummons shall be issued to and served by the sheriff, his deputy, or some person specially or regularly appointed by the court for that purpose." This provision "continues the traditional concept that an obligation for service of process within his county remains with the sheriff, or his deputy, thereof." William F. Harvey et al., *Indiana Practice Series: Rules of Procedure Annotated* 4.12.2 (2006). Rule 4.12(A), however, does not preclude someone other than the sheriff (e.g., a party)

---

[1] Cooper attempts to avoid Rule 4(c)(2)'s proscription that a party cannot effect service by arguing that the receptionist, and not Cooper himself, was the "true facilitator of the summons," presumably because she delivered the summonses to the Defendants. (Supplemental Resp. 1.) This unusual argument, unsupported by legal citation, is unavailing because Rule 4(c)(2) "contemplates that [the] person [responsible for effecting service] would be the initial person attempting service . . . ." *Denton v. United States*, No. CIV.A.1:04-CV3285RLV, 2006 WL 3783595, at *1 n.3 (N.D. Ga. Dec. 21. 2006) ("The plaintiff, of course, cites no case that interprets Rule 4(c)(2) as allowing an intermediary to perfect service . . . .").

5

from serving process, as the Rule further provides: "Service shall be effective if made by a person not otherwise authorized by these rules . . . ."[2] The purpose of this provision "is to avoid the nullification of effective service merely because it was made by someone other than one authorized under the rules." Harvey et al., *supra*, at 4.12.2. Nevertheless, "this provision cannot be construed to allow for a wholesale disregard of the other provisions of the rules. . . . The controlling factor should not necessarily be how the service was made, but whether the notice given was reasonably calculated to inform the person to be served that an action had been brought against him." *Id.*; *see also* Ind. R. Trial P. 4.15(F) ("No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.").

Accordingly, before determining whether Cooper's personal delivery of the summonses was sufficient to effect service, we must first examine whether his attempt at service otherwise "substantially complie[d]" with the Indiana Rules of Trial Procedure such that it was reasonably calculated to inform the Defendants that an action had been brought against them. *See Swiggett Lumber Constr. Co. v. Quandt*, 806 N.E.2d 334, 337-38 (Ind. Ct. App. 2004) (noting that under Rule 4.15(F), a plaintiff's "failure to technically comply with the trial rules will not defeat a trial court's jurisdiction so long as a party substantially complies with the trial rules"). In that regard,

---

[2] As the Defendants point out, while Rule 4.12(A) does not explicitly preclude service by a party, it also does not specifically authorize such service. Subsequently, the Defendants contrast this "general" provision with Federal Rule of Civil Procedure 4(c)(2)'s "specific" provision that service may not be effected by a party, arguing that because "it is a commonplace of statutory construction that the specific governs the general," *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992), the Federal Rule should take precedence over the Indiana Rule. However, "a court resorts to canons of statutory construction only when statutes are in conflict and the court cannot find an answer in the plain meaning of statutory language." *In re Baker*, 430 F.3d 858, 860 (7th Cir. 2005). Here, the plain meaning of Indiana Rule 4.12(A) permits anyone, including a party, to effect service.

we now turn to the Defendants' argument that by delivering the summonses to the receptionist, Cooper failed to effect service upon Pepsi and the individual Defendants.

*2. Service of Process on Pepsi*

Pepsi argues that even if Cooper's personal delivery of the summons was adequate under the Indiana Rules of Trial Procedure, his service upon it was insufficient because he merely left the summons with a receptionist. In that regard, Federal Rule of Civil Procedure 4(h)(1) provides that service upon a corporation is effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." By delivering a copy of Pepsi's summons to the receptionist,[3] Cooper's service was insufficient under the Federal Rules, as there is no indication that the receptionist was "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1); *see also Miles v. WTMX Radio Network*, No. 02 C 0427, 2002 WL 31369424, at *4 (N.D. Ill. Oct. 18, 2002) (finding that the plaintiff failed to show that the defendants' receptionist "was a proper representative" under the Federal Rules for purposes of service of process).

Moreover, Cooper's service is problematic under Indiana Rule of Trial Procedure 4.6, as made applicable by Federal Rule of Civil Procedure 4(e)(1). *See* Fed. R. Civ. P. 4(h)(1) ("[S]ervice upon a domestic . . . corporation . . . shall be effected . . . in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1) . . . ."). Specifically, Indiana Rule of Trial Procedure 4.6(A) provides that service on an organization "may be made . .

---

[3] The record is unclear whether Cooper delivered a copy of the Complaint along with the summonses, an issue that the Defendants do not raise in their briefs.

7

. upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent."[4]

Pepsi argues that "it goes without saying that the receptionist at a business is, even to a casual observer, not an 'executive officer'" and that "the receptionist is not [Pepsi's] registered agent . . . ."[5] (Defs.' Reply in Supp. of Their Mot. to Dismiss 3.) The Indiana Rules of Trial Procedure, however, provide a broad definition of "executive officer":

> "Executive officer" of an organization includes the president, vice president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, office manager, plant manager, or subdivision manager, partner, or majority shareholder. *For purposes of service of process*, . . . the term includes the personal secretary of any of the foregoing persons or any person employed under or with any of the foregoing persons and who is entrusted with responsible handling of legal papers, and *any person employed in the organization if such person promptly delivers the papers served to one of the foregoing*.

Ind. R. Trial P. 83(2) (emphasis added). Accordingly, "service may be made upon an organization by serving any of the aforementioned persons . . . ." *Nw. Nat'l Ins. Co. v. Mapps*, 717 N.E.2d 947, 952 (Ind. Ct. App. 1999).

Although service of process is not automatically defeated by leaving the summons with the defendant's employee, when that occurs, Indiana law "expressly provides that service be directed to an 'executive officer.'" *Id.* at 953-54 (finding that the delivery of a summons to the

---

[4] If service cannot be made in this manner, service may be effected "by leaving a copy of the summons and complaint at any office of such organization located within this state *with the person in charge of such office*." Ind. R. Trial P. 4.6(C) (emphasis added). Pepsi maintains that Cooper did not comply with this provision because the receptionist was not in charge of the office, an argument unopposed by Cooper. Because we ultimately conclude that service upon Pepsi was effected under Indiana Trial Rule of Procedure 4.15(F), there is no need to further consider Pepsi's argument.

[5] Cooper does not contest Pepsi's assertion that the receptionist is not an executive officer or registered agent; instead, Cooper counters that "the receptionist never made it clear that she was not the executive officer or specially appointed agent who could . . . take the summons." (Supplemental Resp. 2.) However, it is Cooper's responsibility, not the receptionist's, to ensure that service is properly effected. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint . . . .").

8

defendant's employee was sufficient when plaintiff specifically directed service to the "highest available officer"); *compare Fid. Fin. Servs., Inc. v. West*, 640 N.E.2d 394, 400-01 (Ind. Ct. App. 1994) (concluding that service "delivered to and received by" the defendant's employee was sufficient when the service was directed to the defendant's "highest executive officer," even though "the person who received the service . . . was not the intended recipient"), *with Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 659 (Ind. Ct. App. 2001) ("Assuming arguendo that Trial Rule 83 permitted [the defendant's employee] to sign for the receipt of the service in place of the executive officer[,]" a summons that was "simply addressed to 'Volunteers of America' . . . was inadequate under Trial Rule 4.6(A)" because the plaintiff "did not address the summons or other documents to any specific person.").

Here, Pepsi does not contest Cooper's assertion that he left the summonses with the receptionist, ostensibly an employee of Pepsi, nor does it argue that the receptionist failed to promptly deliver the papers to an "executive officer" at Pepsi.[6] Nevertheless, Cooper's attempt at serving Pepsi via its receptionist suffers from a fatal flaw under Rule 4.6(A)–he makes no showing that he specifically directed service to an "executive officer" at Pepsi; accordingly, his attempt at serving Pepsi in insufficient under this Rule.[7]

### 3. Service on the Individual Defendants

Moreover, by delivering the summonses to the receptionist at the Pepsi office, Cooper's

---

[6] Indeed, the record provides some evidence of the receptionist's prompt delivery, as it is obvious that Pepsi had notice of this lawsuit no more than nineteen days after Cooper attempted to execute the summonses. For example, on April 18, 2007, Pepsi's attorney filed an application to appear *pro hac vice*, and on April 19, Pepsi's local counsel entered his appearance and filed the instant Motion to Dismiss.

[7] However, we conclude *infra*, Part III.A.4, that Cooper effected service on Pepsi under Indiana Rule of Trial Procedure 4.15(F).

9

attempt at service on the individual Defendants was clearly inadequate under both the Federal Rules of Civil Procedure and the Indiana Rules of Trial Procedure. In that regard, Federal Rule of Civil Procedure 4(e)(2) provides that service upon individuals may be effected by: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein"; or (3) "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

In addition, Indiana Trial Rule 4.1(A), as made applicable by Federal Rule 4(e)(1), provides that service "may be made" upon an individual by:

> (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
> (2) delivering a copy of the summons and complaint to him personally; or
> (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
> (4) serving his agent as provided by rule, statute or valid agreement.

Because Cooper delivered the summonses to the receptionist, and not to the individual Defendants, he did not deliver a copy of the summons and Complaint to each individual "personally" as set forth in Federal Rule 4(e)(2) and Indiana Rule 4.1(A)(2). Moreover, it is undisputed that the receptionist is neither "an agent authorized by appointment or by law to receive service of process" under Federal Rule 4(e)(2), nor an "agent as provided by rule, statute or valid agreement" under Indiana Rule 4.1(A)(4). Cooper also did not "send[] a copy of the summons and complaint by registered or certified mail" pursuant to Indiana Rule 4.1(A)(1).

Finally, by leaving the summonses at Pepsi's office, Cooper did not serve the individual

10

Defendants at their "dwelling house or usual place of abode" as required by Federal Rule 4(e)(2) and Indiana Rule 4.1(A)(3). Nevertheless, Cooper maintains that "[t]he individual defendant's [sic] had their service at a place of dwelling that they reside at for at least 8-10 h[ou]rs per day." (Supplemental Resp. 2.) Contrary to Cooper's suggestion, a defendant's place of employment is not his "dwelling house or usual place of abode" under either Federal law or Indiana law. *See, e.g.*, *Shumway v. Hendricks*, Civ. No. 93-CV-485, 1994 WL 672656, at *4 (N.D.N.Y. Nov. 28, 1994) ("[A]lthough federal procedure allows for effective service by leaving the papers with a person of suitable age and discretion at an individual's residence or usual place of abode, this principle is not satisfied by leaving the papers at a defendant's place of employment."); *LaPalme v. Romero*, 621 N.E.2d 1102, 1105 (Ind. 1993) ("There is nothing [in the Indiana Rules of Trial Procedure] that sanctions copy service by leaving the summons and complaint at the place of employment."); 4A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 1096 ("[S]ervice of the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)."). Accordingly, Cooper's service upon the individual Defendants is clearly insufficient.[8]

### *4. Indiana Rule of Trial Procedure 4.15(F)*

As discussed *supra*, Part III.A.1, Cooper's attempt at delivering the summonses himself is sufficient under the Indiana Rules of Trial Procedure if it "was reasonably calculated to inform the person to be served that an action had been brought against him." Harvey et al., *supra*, at

---

[8] Moreover, even if Cooper had effected service pursuant to Indiana Rules 4.1(A)(3) or (4), he did not fulfill the additional requirements of Rule 4.1(B), which provides: "Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return."

11

4.12.2. This language is ostensibly borrowed from Indiana Rule of Trial Procedure 4.15(F), which provides: "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." Under Rule 4.15(F), a plaintiff's "failure to technically comply with the trial rules will not defeat a trial court's jurisdiction so long as a party substantially complies with the trial rules." *Swiggett Lumber*, 806 N.E.2d at 338. Thus, courts have deemed service insufficient when a plaintiff has made "no attempt whatsoever" to comply with the Indiana Trial Rules. *Id.*; *Homer v. Jones-Bey*, 415 F.3d 748, 757 (7th Cir. 2005) ("[W]hile technical shortcomings in service may be excusable [under Indiana law] (especially where the party to be served has actual notice of the lawsuit), a complete failure of service is not.").

Here, Cooper's attempt to serve Pepsi "substantially complied" with Indiana Rule of Trial Procedure 4.6(A) such that it was "reasonably calculated" to inform Pepsi that he had filed a lawsuit against it. In that regard, the only defect in service is Cooper's failure to explicitly direct the summons to Pepsi's "executive officer" when he left it with the receptionist. This technical failure, as well as Cooper's personal delivery of service, did not prevent Pepsi from having actual notice of this lawsuit, as evidenced by its attorney entering his appearance and filing the instant Motion to Dismiss. *See Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1059 (Ind. Ct. App. 2006) ("[A]lthough actual notice alone will not cure defective service, it may be considered in determining whether the notice was reasonably calculated to inform an organization of the action.") (quoting *Nw. Nat'l Ins. Co.*, 717 N.E.2d at 955)). Accordingly, Cooper's attempt at serving Pepsi satisfies the requirements of Rule 4.15(F) and is, therefore,

12

sufficient under the Indiana Rules of Trial Procedure.

However, Cooper's attempt at service was not "reasonably calculated" to inform the individual Defendants that an action had been instituted against them, despite the fact that they, too, ostensibly had notice of this lawsuit. *Thomison*, 858 N.E.2d at 1059 (noting that "actual notice alone will not cure defective service"). As discussed *supra*, Part. III.A.3, Cooper "made no attempt whatsoever" to comply with Rule 4.1(A), even though the Rule gave him four options for effecting proper service on the individual Defendants. *Swiggett Lumber*, 806 N.E.2d at 338. Thus, Rule 4.15(F) affords Cooper no relief from his insufficient service on them. *See LaPalme*, 621 N.E.2d at 1105-06 (finding that "service of process upon [the individual defendant], via delivery to [defendant's employer], was insufficient within the meaning of T.R. 4.15(F)"); *Kelly v. Bennett*, 732 N.E.2d 859, 862 (Ind. Ct. App. 2000) (concluding that "Trial Rule 4.15(F) does not operate to render service sufficient despite noncompliance with Trial Rule 4.1" where the summons and complaint was left at the individual defendant's place of business) (footnote omitted).

In sum, although Cooper effected service on Pepsi, he failed to effect service on the individual Defendants. Thus, Cooper has exposed his case against those Defendants to dismissal pursuant to Rule 12(b)(5), as he failed to properly serve them within 120 days after filing his Complaint. *See Thompson v. Chertoff*, No. 3:06-CV-004RM, 2006 WL 2949538, at *1 (N.D. Ind. Oct. 13, 2006) (quoting Fed. R. Civ. P. 4(m)). But before dismissing Cooper's case against the individual Defendants, the Court "must first inquire whether [Cooper] has established good cause for failing to effect timely service." *Id.* (quoting *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996)). Thus, we now consider whether there is a basis for granting

13

Cooper an extension of time to perfect service.

### B. Extension of Time to Perfect Service

*1. Good Cause*

"Even if a plaintiff cannot show that service was proper, a court 'shall extend the time for service for an appropriate period' if the plaintiff shows good cause for the failure to effect proper service." *Miles*, 2002 WL 31369424, at *2 (quoting Fed. R. Civ. P. 4(m); *Panaras*, 94 F.3d at 339). "If a plaintiff establishes good cause, the district court must extend the time for service and the inquiry is ended." *Thompson*, 2006 WL 2949538, at *1 (citing *Panaras*, 94 F.3d at 340; *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988)).

Although the Seventh Circuit has not articulated a specific test for determining whether good cause exists, a plaintiff "must at least show reasonable diligence in effecting proper service." *Thompson*, 2006 WL 2949538, at *1 (citing *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993)); *see also Humphrise v. Cracker Barrel Rest. # 221*, No. 03 C 3765, 2004 WL 1630512, at *3 (N.D. Ill. July 16, 2004) ("No exact definition for good cause exists, but a plaintiff must at least show reasonable diligence in effecting proper service." (citing *Bachenski*, 11 F.3d at 1377)); *Miles*, 2002 WL 31369424, at *6.

Here, Cooper utterly fails to demonstrate reasonable diligence in effecting service on the individual Defendants.[9] For example, he made no attempts at service until after he received the Notice from the clerk's office informing him that the time for service had passed, and he offers no reasons for this delay. *See Weiss v. Casper*, No. 01 C 4102, 2007 WL 188042, at *2 (N.D. Ill.

---

[9] Cooper does not specifically argue that there was "good cause" for his failure to effect proper service within the time allotted under Rule 4(m), nor do the Defendants argue that good cause was lacking.

Jan. 22, 2007) (finding no good cause when the *pro se* plaintiff "made no attempt to serve process on Defendants within the prescribed 120 day period"). Moreover, Cooper's only attempt at service, personal delivery of the summonses to the receptionist at Pepsi's office, made no effort to comport with the Federal Rules or the Indiana Rules governing service upon individuals. *See Humphrise*, 2004 WL 1630512, at *3 (concluding that although an attempt at service that does not comport with the procedural rules "may represent reasonable efforts by a *pro se* plaintiff to serve his opponent, it is not enough to establish good cause"). In fact, the only thing resembling an argument for good cause is Cooper's assertion that he was instructed by the clerk's office that anyone could execute a summons, but this allegation does not excuse Cooper's lack of diligence in following the procedural rules for effecting proper service on individuals.

### 2. Discretionary Extension of Time

Even if no good cause is shown, a court, in its discretion, may allow a plaintiff additional time to effect service. *Thompson*, 2006 WL 2949538, at *1 ("Even if good cause isn't shown, a district court must consider whether a discretionary extension of time for service is warranted." (citing *Panaras*, 94 F.3d at 341)); *Humphrise*, 2004 WL 1630512, at *2; *Miles*, 2002 WL 31369424, at *2 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). When deciding if a discretionary extension of time should be granted, courts consider various factors, including whether: (1) the statute of limitations has expired; (2) the plaintiff was proceeding *pro* se; (3) the defendant has suffered any prejudice by a delay; (4) the defendant received actual notice; and (5) any attempts at service were made. *Thompson*, 2006 WL 2949538, at *2; *Humphrise*, 2004 WL 1630512, at *3.

On this record, it is unclear whether the statute of limitations would bar Cooper from re-

15

filing his Complaint if the Court grants the Motion to Dismiss, as Cooper fails to specify when the alleged harassment and discrimination occurred, the date that he was terminated, and whether he is asserting a cause of action under Title VII. *See Thompson*, 2006 WL 2949538, at *2; *Humphrise*, 2004 WL 1630512, at *3 ("The Seventh Circuit has stressed that an expired statute of limitations weighs heavily in support of an extension of time . . . .").

Even assuming that the statute of limitations has not run, the "balance of factors" weigh in favor of granting Cooper a discretionary extension of time. *Humphrise*, 2004 WL 1630512, at *3. First, although Cooper's *pro se* status does not exempt him from compliance with the rules governing service of process, *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001), "it is incumbent on [the Court] to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Thus, the Court should be "more lenient in our response to his slip-ups." *Humphrise*, 2004 WL 1630512, at *3; *see also Thompson*, 2006 WL 2949538, at *2 (noting when granting a discretionary extension of time that the plaintiff was proceeding *pro se*).

Moreover, the Defendants "profess[] no prejudice by this delay . . . ." *Thompson*, 2006 WL 2949538, at *2. In addition, as discussed *supra*, the Defendants ostensibly had actual notice of this lawsuit, despite Cooper's faulty attempt at service. *See Humphrise*, 2004 WL 1630512, at *3 (noting that the defendant "does not dispute that it received actual notice of the lawsuit, and its actions in seeking dismissal indicate its awareness"). Finally, although faulty, Cooper did make an attempt to effect service on the individual Defendants promptly after receiving Notice. *Compare id.* (finding when granting an extension of time that the plaintiff attempted to serve the

16

defendant), *with Weiss*, 2007 WL 188042, at *3 (noting when denying an extension of time that the plaintiff had not even attempted service).

Accordingly, the undersigned Magistrate Judge will recommend that the Court exercise its discretion and permit Cooper additional time to perfect service on the individual Defendants.

## IV. CONCLUSION

Based on the foregoing, the Magistrate Judge concludes that service of process was effected on Pepsi but not on the individual Defendants. Nevertheless, it is recommended that the Court grant Cooper an extension of time to perfect service on Defendants Matt Foote, Mike Hausch, Jerry Seusibaugh, and Kent Lefever. Accordingly, the Magistrate Judge recommends that the Defendants' Motion to Dismiss (Docket # 16) be DENIED.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within ten days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241-42 (7th Cir. 1996).

SO ORDERED.

Enter for July 11, 2007.

S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge