UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FLINT COOPER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:06-cv-353 AS |
| ) | |
| PEPSI-COLA GENERAL BOTTLERS, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION, & ORDER

On July 11, 2007, Magistrate Judge Roger B. Cosbey issued a Report and Recommendation on the Defendants' Motion to Dismiss (Docket No. 16), filed by Pepsi-Cola General Bottlers ("Pepsi"), Matt Foote, Mike Hausch, Jerry Seusibaugh, and Kent Lefever. Magistrate Judge Cosbey recommended that this Court deny the Defendants' Motion to Dismiss. Now before the Court is the Defendants' Objection to Report and Recommendation (Docket No. 29), filed by Defendants Matt Foote, Mike Hausch, Jerry Seusibaugh, and Kent Lefever (collectively, the "Individual Defendants").

I. Background

On October 27, 2006, Plaintiff Flint Cooper, Jr. ("Cooper" or "Plaintiff") filed his Complaint, alleging that the Defendants sexually harassed him, discriminated against him, and terminated him in violation of 42 U.S.C. § 1981. *See* Complaint at 1-3. Cooper submitted only one summons form with his Complaint. On the same day that Cooper filed his Complaint, he filed a motion for leave to proceed *in forma pauperis*, (Docket No. 2). The Court denied on Cooper's motion for leave to proceed *in forma pauperis* on November 9, 2006, (Docket No. 3), also cautioning Cooper that "if he wishes that the clerk sign and seal the summons, he must

provide a summons for each named defendant." *See* Docket No. 3 at 2.  Contemporaneously, the Court sent Cooper five blank summonses, and on November 22, 2006, the clerk issued summonses for all five Defendants. *See* Docket No. 5.

On March 26, 2007, the clerk issued a Notice (Docket No. 6) to Cooper pursuant to Federal Rule of Civil Procedure 4(m), stating that the 120 day limitation for service of process had elapsed.  The notice stated that a "failure to have process issued and service made within one hundred twenty (120) days from the filing of the complaint shall, in the discretion of the court, be sufficient to warrant dismissal of the action, without prejudice, for failure to complete process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure."  See Docket No. 6.  The notice further stated that if Cooper took no action by April 10, 2007, the matter would be brought to the Court's attention.  Thereafter, on March 30, 2007, Cooper personally attempted to serve the five Defendants by leaving a copy of each summons with "Barbara Booth at [the] Pepsi office," who apparently is a receptionist for Pepsi. *See* Docket Nos. 7-11.

On April 19, 2007, Defendants filed a Motion to Dismiss (Docket No. 16), asserting that when Cooper personally delivered the summonses, he violated Federal Rule of Civil Procedure 4(c)(2)'s proscription that service "may be effected by any person who is not a party," and therefore, service was insufficient as a matter of law.[1]

II. Standard of Review

When dealing with dispositive claims or defenses of a party, once a timely objection has been filed to the magistrate judge's report and recommendation, the district court must undertake

---

[1]Magistrate Judge Cosbey ordered supplemental briefing on the issue of whether Cooper's service was valid under the Indiana Rules of Trial Procedure, as made applicable by Federal Rule of Civil Procedure 4(e)(1).

a *de novo* review of the record.  28 U.S.C. § 636(b)(1)(B), (C); Federal Rule of Civil Procedure 72(b); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  The court may accept, reject, or modify the magistrate judge's recommended decision.  *Willis v. Caterpillar, Inc*, 199 F.3d 902, 904 (7th Cir. 1999).  The court need not conduct a new hearing on the entire matter, but must give "fresh consideration to those issues to which specific objections have been made."  12 Wright & Miller, Federal Practice and Procedure, § 3076.8 at p. 56 (1992 Pocket Part).  *See also Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995).

III.  Discussion

　　　　The Individual Defendants do not object to Magistrate Judge Cosbey's conclusion that Plaintiff effected service on the corporate defendant, Pepsi-Cola General Bottlers of Indiana, Inc., but that Plaintiff's attempt at service on the Individual Defendants was insufficient.  Rather, the Individual Defendants object to Magistrate Judge Cosbey's recommendation that the Court permit Plaintiff "additional time to perfect service on the individual Defendants" on the limited basis that it does not specify a definite period of time for Plaintiff to perfect service.  Individual Defendants' Objection at 1.

　　　　Having reviewed the Individual Defendants' limited objection in light of the posture of this case,[2] the Court agrees with the Individual Defendants.  Insofar as the Report and

---

[2]This Court notes Magistrate Judge Cosbey's observation that:

> [Plaintiff] utterly fails to demonstrate reasonable diligence in effecting service on the individual Defendants.[] For example, he made no attempts at service until after he received Notice from the clerk's office informing him that the time for service had passed, and he offers no reasons for this delay.  Moreover, [Plaintiff's] only attempt at service, personal delivery of the summonses to the receptionist at Pepsi's office, made no effort to comport with the Federal Rules or the Indiana Rules governing service upon individuals.

Report and Recommendation at 14-15.

Recommendation allows Plaintiff an unlimited or unspecified amount of time to properly effect service on the Individual Defendants, the Report and Recommendation is rejected.  The remainder of the Report and Recommendation is adopted by the Court.  The Plaintiff is given to and including **September 7, 2007** to perfect service on the Individual Defendants.  If Plaintiff fails to perfect service on the Individual Defendants by September 7, 2007, Plaintiff's claims against the Individual Defendants shall, in the discretion of the court, be dismissed.  Moreover, in light of this ruling, Defendant's Motion to Dismiss (Docket No. 16) is **DENIED**.

**SO ORDERED.**

**DATED: August 17, 2007**

                                             **S/ ALLEN SHARP**
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**